Day, J.
On December 25, 1893, Lester W. Cline brought suit in Justice Cray’s court, in Union county, Ohio, against Halliday Hay Company, a co-partnership doing business in Ohio, with headquarters at Delaware, Ohio, to recover a balance of $49.81 alleged to be due and unpaid, on account, for hay sold and delivered to the Hay Company in November of the same *281 year. An affidavit in attachment was filed asserting the bona fides of the claim ; that it was due and unpaid, with certain other allegations necessary in such cases; and alleging, as grounds for attachment, that the defendant was a firm organized for the purpose, and doing business in the state of Ohio, and that each member of the firm, and the firm were non-residents of Union county, Ohio. The same day a summons and order of attachment was issued and delivered to the proper officer, who returned the same December 27, 1893, with his returns indorsed thereon. The summons was indorsed : “I
could not get service on the defendants as they are not residents of the county of Union, and not in my jurisdiction.” The return indorsed on the attachment showed a levy on certain personal property of the defendant company, which was found in the county, with an appraisal of the same by two householders of the county. Upon the return of the summons showing that service of it could not be had on defendants in the county, the justice continued the case to February 16, 1894, for publication of notice under the provisions of the statute. Notice was published, and on February 16, subpoenas for witnesses were issued. At the hour fixed for trial, both parties appeared, in person and by counsel, and the Hay Company announced its readiness for trial, demanded a jury to try the issues, and aided in selecting a jury by alternately striking off names until a jury of six was obtained. Then defendant filed motions to dismiss the action and discharge the attachment on grounds stated in the motions, defendant having entered a qualified appearance for the purpose, as was said in the motions, only, of raising the question of jurisdiction of the court over the person of defendants and the subject-matter of the action. The grounds of the motions were, in substance, that the filing of the affidavit for attachment, the commencement of the action, the issuing and return of summons and the notice to defendant by publication conferred no jurisdiction on the justice over the person or property of defendant. The motions were over *282 ruled by the justice, and defendants excepted. The case was then adjourned until March 6, for trial, at which date the parties appeared and the motion to dismiss the action and discharge the attachment, raising the question of jurisdiction, was again made and again overruled and exceptions noted. Proof of notice by publication was made, the jury impaneled and trial had, resulting in a verdict and judgment for Cline. The Hay Company proseeuted error to the common pleas court, seeking a reversal of the judgment of the justice, but the common pleas affirmed the action of the justice, and now error is prosecuted here to reverse the judgment of both the lower courts.
The assignment of error, in the petition in error is, that the common pleas court erred in affirming the judgment of the justice.
Two propositions were urged in argument and relied on as error by counsel for plaintiff in error: 1st. That no sufficient affidavit was filed to warrant the issuing of the order of attachment against a co-partnership or firm ; claiming as matter of law that the statement, in an affidavit for attachment, of the fact that the defendant is a firm and a non-resident of the county, is not recognized by the law as a ground of attachment; and, 2nd. If it is a legal ground of attachment, still the justice’s court had no jurisdiction in the matter, because there was not, and could not be a proper and lawful service of notice of the pendency of the action made in the county, so as to give the court jurisdiction of the defendant or the subject of the action.
As to the first proposition, that non-residence of a firm or co-partnership is not a ground of attachment, no remark is necessary by this court, as we think the question is directly decided by the Supreme Court, and adversely to the claim of plaintiff in error. In a case from Marion county, in which this court, as then constituted, held the law to be as now claimed by jdaintiff in error, the Supreme Court reversed the judgment of the cii’cuit cqurt, and held: (1.) “ In a civil action *283 for the recovery of money, the plaintiff may, on the ground that the defendant is a non-resident'of the state, have an attachment against the property of a defendant partnership of which all the members reside outside of this state, which was formed for the purpose of carrying on business in this state, and which has a usual place of doing business in the state.” (2.) “ In an attachment against the property of such a nonresident partnership, it may be sued in its company name, and service may be had by leaving a copy of the summons, with the indorsement thereon, at its usual place of doing business in this state.”
This decision was made April 24, 1894, and is to appear in the 51 Ohio St. It is reported, commencing at page 264, volume 32 of the Weekly Law Bulletin. The opinion, which is by Dickman, J., is interesting and instructive on the subject of action against and service on co-partnerships ; and decides the principle contended for by counsel for plaintiff in error, adversely to such claim.
The second proposition urged is not so easily disposed of; for the only giving out of the Supreme Court on the subject is very decidedly in favor of and in line with the claim made by plaintiff in error. The decision is reported in the 39 Ohio St., at page 249. The law in force at the time the facts in that' case arose, was the act of February 27, 1846, and the decision is based on that law. It is held, the only mode in which jurisdiction, in inviium, can be obtained over a defendant co-partnership, in suits authorized by the act of February 27, 1846, was prescribed by section 2 of the act: By service of process at their usual place of business within the county wherein the suit was brought; and that constructive service by publication under section 35 of the Justice’s act, when service of summons cannot be made in the county where suit is brought, and property of defendant has been seized in attachment, cannot be resorted to in lieu of actual service at the usual place of business of the co-partnership within the county.
*284 This decision was made by a divided court, two of the five judges dissenting, and, although correct under a strict construction of the law as it then stood, was regarded as an extreme holding, favorable to and practically giving immunity to co-partnerships from suits in attachment on the ground of non-residence.
The majority based its opinion entirely upon the «fact that the law of 1846 was special and independent; the second section specifically prescribing a mode of acquiring jurisdiction of a defendant partnership by service of process at its usual place of doing business within the county, to-wit, the county in which the process was issued. That it gave a new remedy, and prescribed the manner of enforcing it; and being complete in itself, the mode prescribed for acquiring jurisdiction of a defendant company was exclusive — excluded the ordinary method, prescribed in the Justice’s act, by publication. In the opinion of the court, which is by McIlvaine, J., the following occurs: “ A majority of the court are of opinion that this mode of service by publication does not apply jn cases which can be prosecuted only under favor of the act of 1846, which specifically prescribes the mode of acquiring jurisdiction of the defendant company, namely, by service of process at the usual place of doing business within the county, to-wit : the county in which the process was issued. The statute' is special and independent. It gives a new remedy, and prescribes the mode and manner of enforcing it. Being complete in itself, we think the mode prescribed for acquiring jurisdiction of the defendant, in inmtum, is exclusive. This conclusion, it appears to me, is inevitable from the clear intention of the legislature that actions against companies in the firm-name should be prosecuted only in the county in which its usual place of business may be situated, without regard to the residence of the members of the firm.” Since the facts arose upon which that decision was predicated, a radical change has been effected in the character of the law by the “ act to revise and consolidate the general statutes of Ohio,” passed June 20, *285 1879, and to take effect September 1, 1879, and January 1, 1880; and what was then held to be special and independent, has become general and connected with other provisions as to mode of service of process on individuals and corporations. There is also a significant change in the phraseology in the provision as to where service of process shall be made; the words: “within the county,” found in section 2 of the act of J 846 being omitted in the revision. What was section 1 of that act is now, and has been since the revision, section 5011 of the code of civil procedure, section 2 is incorporated into and forms part of section 5042, and section 35 of the Justice’s act is section 6496. The result of all this is, that the reason for the ruling in the 39 Ohio St. has been removed, and the rule itself must fall for want of a basis on which to rest.
The legislative intent, as evidenced by the radical change made in the character of the legislation on the subject, seems to us to be, that partnerships, in respect to service of process on them, stand on the same basis and are to be regarded precisely as individuals and corporations, so that, in this ease, when service of summons could not be made on the Hay Company in Union county, it was proper for the justice to continue the case so notice of the proceeding could be given by publication, and when that was done, as provided by section 6496 Rev. Stat-., the appearance of plaintiff in error was effected and jurisdiction acquired. Even if this were not so, the appearance of the Hay Company on the day set for trial, announcing its readiness to go on and in demanding a jury to try the case, and in assisting to procure it, effectually brought it into court, and gave the court jurisdiction.
This conclusion necessarily affirms the judgment of the common pleas.
Case No. 132, Christopher Grubb v. Halliday Hay Company, in all its essential facts, except that the Hay Company did not voluntarily enter an appearance to the action, and the judgment of the common pleas was a reversal of the judgment of *286 the justice, is similar to Cline’s case, and if the conclusion reached as to the law in that case is correct, it follows that the common pleas was in error in finding the justice was without jurisdiction and in reversing the judgment of the justice; for which error the judgment of the common pleas is reversed, and that of the justice affirmed.
Wickham & Merchant, for Halliday Hay Co.
Porter & Porter, for Cline and Grubb.
Seney and Price, JJ., concur.